J-S38037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ROBERT ADAMS, JR., | : | |
| | : | |
| Appellant | : | No. 1772 MDA 2014 |

Appeal from the Judgment of Sentence entered on March 24, 2014
in the Court of Common Pleas of Northumberland County,
Criminal Division, No. CP-49-CR-0000329-2012

BEFORE: WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                                    **FILED JULY 16, 2015**

Jeffrey Robert Adams, Jr. ("Adams") appeals from the judgment of sentence imposed following his convictions of burglary and criminal trespass. ***See*** 18 Pa.C.S.A. §§ 3502(a)(1), 3503(a)(1)(i). We affirm.

On November 8, 2011, Thomas McDonald ("McDonald") was awoken by a noise in his kitchen at 5:00 a.m. McDonald proceeded downstairs and observed Adams rattling pill bottles. McDonald asked Adams what he was doing in his home, after which Adams ran out the front door with over $500.00 worth of prescription medication in his sweatshirt. McDonald then directed his fiancé, Stella Sheesley ("Sheesley"), to call the police. Both McDonald and Sheesley walked to the front porch and observed Adams standing in a well-lit alleyway that ran between McDonald's home and a neighbor's house.

Adams was arrested and charged with burglary, criminal trespass, theft, and receiving stolen property. On December 9, 2013, a jury found Adams guilty of burglary and criminal trespass, and not guilty of theft or receiving stolen property. On March 24, 2014, the trial court sentenced Adams to eighteen months to five years in prison on the burglary conviction, and a concurrent prison term of one month to four years on the criminal trespass charge. Adams filed Post-Sentence Motions, which were denied.

On October 17, 2014, Adams filed a timely Notice of Appeal. Adams filed a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Adams raises the following questions for our review:

I. Whether the verdict of the jury was insufficient as a matter of law to sustain [Adams's] conviction[s]?

II. Whether the verdict of the jury was contrary to the weight of the evidence?

III. Whether the lower court erred in denying [the] post trial motion for arrest of judgment where [Adams] was found guilty of burglary and not guilty of theft?

Brief for Appellant at 3 (capitalization omitted, questions re-ordered).

In his first claim, Adams contends that the evidence was insufficient to support his convictions. *Id*. at 3, 7. Adams asserts that mere presence at the scene of a crime is insufficient to prove criminal intent. *Id*. at 7. Further, Adams argues that the eyewitness testimony at trial was insufficient to prove criminal intent for his convictions because the testimony that he

was seen in McDonald's home was not supported by physical evidence. *Id*. Specifically, Adams claims that no doors or windows were broken; the house was not ransacked; and no stolen items were recovered. *Id*.

Our standard of review for a sufficiency of the evidence challenge is as follows:

> When reviewing a sufficiency of the evidence claim, an appellate court, viewing all the evidence and reasonable inference therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 701 A.2d 492, 499 (Pa. 1997) (citation omitted). Further, the Commonwealth can sustain its burden of proving every element of the crime beyond a reasonable doubt by using wholly circumstantial evidence. *Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa. Super. 2003).

In order to sustain a burglary conviction, the Commonwealth must prove that the person, with the intent to commit a crime therein, "enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." 18 Pa.C.S.A. § 3502(a)(1). In order to sustain a criminal trespass conviction, the Commonwealth must prove a person "(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof." *Id*. § 3503(a)(1)(i).

Here, the evidence at trial indicated that Adams was living with McDonald's next-door neighbor. N.T., 12/9/13, at 22-23. McDonald spoke to Adams prior to the night of the burglary. *Id*. On the night of the burglary, McDonald identified Adams as the person in the kitchen putting pill bottles in the front pocket of his sweatshirt.[1] *Id*. at 26. McDonald stated that, due to a recurring problem with the door jam, Adams could have pushed the door open even if it was locked at the time of entry. *Id*. at 26. Further, McDonald testified that his apartment and the apartment where Adams was living are identical, so Adams need not be familiar with the victim's apartment to know his way around. *Id*. at 27.

The evidence presented at trial, viewed in a light most favorable to the Commonwealth, was sufficient to sustain Adams's burglary conviction. *See Commonwealth v. Diggs*, 949 A.2d 873, 878 (Pa. 2008) (holding that testimonial evidence was sufficient to support a burglary conviction where the defendant, a neighbor of the victim, entered the victim's home without permission); *see also Commonwealth v. Lease*, 703 A.2d 506, 509 (Pa. Super. 1997) (stating that "[o]nce an [a]ppellant has entered a private residence by criminal means[,] we can infer that [a]ppellant intended a criminal purpose based upon the totality of the circumstances.").

Further, we conclude that the evidence of non-permissive entry presented at trial was sufficient to sustain Adams's criminal trespass

---

[1] Sheesley also identified Adams, as he stood in the alleyway between McDonald's home and the neighboring apartment. N.T., 12/9/13, at 33.

conviction. *See Commonwealth v. Schwartz*, 615 A.2d 350, 361 (Pa. Super. 1992) (stating that evidence is sufficient to support a criminal trespass conviction where the appellant entered the premises without permission). Moreover, evidence of destruction of property is not required to sustain a burglary or criminal trespass conviction. *See* 18 Pa.C.S.A. § 3502(a)(1); *id*. § 3503(a)(1)(i); *see also Schwartz*, 615 A.2d at 361 (holding that evidence of smashed windows or broken panes did not have to be presented to support a conviction of criminal trespass).

In his second claim, Adams contends that his convictions of burglary and criminal trespass were against the weight of the evidence. Brief for Appellant at 5-6. Adams argues that he was never inside McDonald's home, because the door sustained no damage and the home was not ransacked. *Id*. Based on this evidence, Adams further argues that he could not have known where the medicines were kept inside the home. *Id*. Adams contends that the trial court should have given more weight to this evidence, and that the verdict shocks one's sense of justice. *Id*.

Our standard of review for a weight of the evidence challenge is as follows:

> The determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that discretion absent an abuse of discretion. Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder,

whose findings will not be disturbed on appeal if they are supported by the record. A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice.

It must be emphasized that it is not for this Court or any appellate court to view the evidence as if it was the jury. Our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Santiago*, 980 A.2d 659, 663-64 (Pa. Super. 2009) (citations omitted).

Here, the jury, as fact-finder, was free to believe the testimony of McDonald and Sheesley, and we will not disturb this finding on appeal. *See* N.T., 12/9/13, at 87; *see also Commonwealth v. Hunzer*, 868 A.2d 498, 506 (Pa. Super. 2005) (stating that the weight of the evidence is exclusively for the finder of fact, who determines credibility and is free to believe all, part, or none of the evidence). We discern no abuse of discretion by the trial court in denying the weight of the evidence claim, and the verdict is not so contrary to the evidence as to shock one's sense of justice. *See Santiago*, 980 A.2d at 663-64.

In his third claim, Adams argues that the trial court should have granted a motion for arrest of judgment on the burglary conviction. Brief for Appellant at 9-10. Adams argues that he is not guilty of burglary because the jury found him not guilty of theft. *Id*.

However, it is well settled that inconsistent verdicts may be issued and reviewing courts may not draw factual inferences from the jury's decision. *See Commonwealth v. Moore*, 103 A.3d 1240, 1249 (Pa. 2014). Further, as noted above, the evidence was sufficient to support the burglary conviction. *See Commonwealth v. Miller*, 35 A.3d 1206, 1208-09 (Pa. 2012) (holding that inconsistent verdicts are allowed to stand where the evidence is sufficient to support the conviction); *Lease*, 703 A.2d at 509 (stating that the Commonwealth does not need to prove the underlying crime theft to sustain a burglary conviction). Thus, Adams's contention that the trial court should have granted a motion for arrest of judgment is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2015