J-S62031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CIERRA NICOLE GEORGE | |
| Appellant | No. 546 WDA 2015 |

Appeal from the Judgment of Sentence March 3, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011848-2014

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 14, 2015**

Appellant, Cierra Nicole George, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following her bench trial convictions for three counts of driving under the influence of alcohol or a controlled substance ("DUI"), and one count each of reckless driving, driving vehicle at safe speed, and driving on roadways laned for traffic.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On May 16, 2014, at approximately 1:00 a.m., Trooper Roland Shannonhouse was on routine patrol when he received a dispatch to a hit-

_____

[1] 75 Pa.C.S.A. § 3802(a)(1), (c); 3736(a); 3361; 3309(1), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

and-run crash that occurred near the Squirrel Hill Tunnels in Pittsburgh. Upon his arrival on the scene, Trooper Shannonhouse saw one vehicle and the driver of the vehicle. Trooper Shannonhouse determined a two-car crash had occurred, but the other driver had fled the scene.

Meanwhile, Corporal Jonathan Rush, who was also on routine patrol that morning, received a dispatch to a nearby crash on the ramp of the Homestead/Squirrel Hill exit off Interstate 376. The ramp prohibits pedestrian traffic and serves solely as access for the highway. Corporal Rush observed a disabled dark-colored SUV toward the right side of the ramp. The vehicle was obstructing the lane of travel. Corporal Rush saw the vehicle had flat front and rear tires and minor damage to the front of the car; the damage was significant enough to preclude a driver from continuing to drive the vehicle. The only other individuals at the scene were two paramedics and Appellant. Corporal Rush approached Appellant and noticed she appeared intoxicated. Specifically, Corporal Rush smelled an odor of alcohol emanating from Appellant and observed that Appellant was unsteady on her feet. Corporal Rush placed Appellant in his patrol car and radioed Trooper Shannonhouse for assistance.

When Trooper Shannonhouse arrived on scene, he observed a disabled vehicle on the ramp of the highway with front-end damage, rear-end damage, and sideswiping damage on the driver's side. Trooper Shannonhouse noticed Corporal Rush, two paramedics, and Appellant were

the only individuals present at the accident site. Trooper Shannonhouse spoke with Appellant, and Appellant indicated she was *en route* to her residence from a friend's house. Appellant also said she was unaware she had hit anything or anyone. Trooper Shannonhouse saw Appellant's eyes were red and bloodshot, and Appellant was unsteady on her feet. Trooper Shannonhouse also smelled alcohol on Appellant. Based on her signs of intoxication, Trooper Shannonhouse suspected Appellant was incapable of safe driving. Trooper Shannonhouse declined to conduct a field sobriety test due to the location of the vehicle and insufficient space on the ramp to perform the test. Trooper Shannonhouse arrested Appellant and transported her to the hospital for a blood draw. Appellant had a blood alcohol content ("BAC") of 0.233%.

The Commonwealth charged Appellant with DUI and related offenses. On March 3, 2015, Appellant proceeded to a bench trial. At the conclusion of trial, the court found Appellant guilty of two counts of DUI—general impairment, one count of DUI—highest rate of alcohol, and one count each of reckless driving, driving vehicle at safe speed, and driving on roadways laned for traffic.

That day, the court sentenced Appellant to four (4) days at a DUI alternative to jail program, and a concurrent period of six (6) months' probation, for Appellant's DUI—highest rate of alcohol conviction. The court imposed no further penalties for Appellant's remaining convictions.

Appellant timely filed a notice of appeal on April 2, 2015. On April 8, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following a grant of extension, Appellant timely filed her concise statement on June 25, 2015.

Appellant raises one issue for our review:

> DID THE COMMONWEALTH PRESENT SUFFICIENT EVIDENCE TO CONVICT [APPELLANT] OF DRIVING UNDER THE INFLUENCE OF ALCOHOL?

(Appellant's Brief at 5).

When examining a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Commonwealth v.*

***Jones***, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

Appellant states she was not in the vehicle when police arrived on the accident scene. Appellant argues the Commonwealth presented no evidence that she was the registered owner of the vehicle. Appellant asserts the Commonwealth provided no eyewitness observations of Appellant sitting behind the wheel of the vehicle or even sitting in the vehicle at all. Appellant stresses she did not admit she was the driver of the vehicle at any time. Appellant emphasizes the Commonwealth failed to present any witnesses who actually saw Appellant driving the vehicle. Appellant insists her statements to Trooper Shannonhouse were "vague" and could have referred to other incidents unrelated to the accident at issue. Appellant suggests the probative value of her statements to Trooper Shannonhouse is weak because she was intoxicated when she made them. Appellant contends her mere presence at the scene was insufficient circumstantial evidence of guilt. Appellant concludes the Commonwealth's evidence was insufficient to establish Appellant had actual physical control of the vehicle necessary to sustain her DUI convictions, and this Court must reverse her DUI convictions and vacate the judgment of sentence. We disagree.

The Vehicle Code defines the offense of DUI, in relevant part, as follows:

> **§ 3802.   Driving under influence of alcohol or controlled substance**
>
> **(a)  General impairment.**—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

\* \* \*

**(c) Highest rate of alcohol.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1), (c). The term "operate" as used in the DUI statute "requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa.Super. 2003). Significantly, "an eyewitness is not required to establish that a defendant was driving, operating, or was in actual physical control of a motor vehicle. The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle." *Id.* (holding Commonwealth presented sufficient evidence to prove defendant was driving, operating or in actual physical control of vehicle to sustain his DUI conviction where police arrived at accident scene and found vehicle located on travel lane on public street behind second car involved in accident;

reasonable inference was that defendant drove vehicle to scene; vehicle did not suddenly emerge from nowhere onto travel lane of public street behind another car that had just been rear-ended; additionally, police arrived on scene within short time and saw only defendant and occupants of second car, who were still seated in second car; police also observed defendant leaning against driver's side door of vehicle).

Instantly, the trial court analyzed Appellant's sufficiency challenge as follows:

> It is early in the morning on May 16, 2014. [Corporal] Jonathan Rush's radio crackles with a new call—crash westbound on 376. He responds to the Homestead/Squirrel Hill exit ramp on the downtown Pittsburgh side of the Squirrel Hill tunnel. There is a dark colored SUV…disabled right in the only lane of travel. It cannot be driven as its tires were flat. There was some minor damage to the front. A paramedic vehicle is there along with [two] medics. Another person is also there— [Appellant]. [Corporal] Rush approached her. She smelled of alcohol. She was not steady on her feet. [Corporal] Rush detained her by putting her in the back seat of his patrol car and called for help.
>
> Help arrived in the form of Trooper Shannonhouse. He saw [Appellant] and a vehicle parked in the middle of the one lane exit ramp. He approached [Appellant]. She told [Trooper] Shannonhouse that "she was [en] route to her residence coming from a friend's home on the North Side." [N.T. Trial, 3/3/15, at 22.] She then added that "she was unaware that she had hit anything or anyone." [*Id.*] She was then removed from that patrol car and escorted back to [Trooper] Shannonhouse's vehicle. This transfer allowed him to make certain observations. Her walk was unsteady. There was a strong odor of alcohol about her. Her eyes were red and bloodshot. The dynamics of the scene contributed to the lack of field sobriety exercises. Within 20 minutes, she was taken from the scene and

- 7 -

entered a hospital for a blood draw. That was done and the results showed her blood alcohol level to be [0.233%].

As we all know, circumstantial evidence is based upon inferences from established facts. A fair and reasonable inference to be drawn is that [Appellant] was driving the vehicle…. When police arrive they see a car in the middle of an exit ramp that can't be driven away. It will need [to be] towed. There is one person there who is being attended to by paramedics. That person is approached and asked what happened. Her response [implies] that she was driving the now disabled car. …

(Trial Court Opinion, filed July 21, 2015, at 2-3). Additionally, at the conclusion of trial, the court expressly stated it found Corporal Rush and Trooper Shannonhouse's testimony credible. We see no reason to disrupt the court's determination as fact-finder. **See Hansley, supra**. Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to prove Appellant was driving, operating, or in actual physical control of the vehicle to sustain her DUI convictions. **See id.**; **Johnson, supra**; 75 Pa.C.S.A. 3802(a)(1), (c). Accordingly, we affirm.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2015

- 8 -