J-S37009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REBECCA LYNN DIXON | |
| Appellant | No. 731 WDA 2015 |

Appeal from the Judgment of Sentence April 24, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014499-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                 **FILED JUNE 09, 2016**

Appellant, Rebecca Lynn Dixon, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following her bench trial convictions for two counts of driving under the influence of alcohol or controlled substance ("DUI") (general impairment).[1]  We affirm.

The trial court opinion sets forth the relevant facts of this case as follows:

> At the non-jury trial on January 9, 2015, Counsel for [Appellant] and the Commonwealth stipulated that the testimony from the suppression hearing, the contents of the police report, and the crime lab report would be incorporated into the evidence presented at the non-jury trial.  The only fact from the suppression hearing that was not incorporated into the non-jury trial [was] the results of

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

the horizontal gaze nystagmus test. As such, the facts found to be credible by this [c]ourt are as follows: Officer Seth Masley of the Ingram Borough Police Department testified that he is a patrolman for the Ingram Borough Police Department and has been employed in that capacity since May 2012. On the evening of June 13, 2013, Officer Masley was working the 11 p.m. to 7 a.m. shift and was contacted at 3:50 a.m. by Crafton Police Sergeant Harvison, who advised that there was a vehicle crashed into a concrete pillar in the Crafton-Ingram Shopping Center on the Ingram side of the center. Upon arrival Office Masley noticed an unoccupied red Plymouth Breeze that was disabled due to the collision with a concrete pillar. At that point, Officer Masley ran the registration plate to ascertain the registered owner of the vehicle. The vehicle was registered to Rebecca Lynn Dixon of 248 Ingram Avenue, which is approximately four blocks from the shopping center.

After calling for a tow truck to remove the vehicle, Officer Masley and Officer Scatena went from the shopping center to 248 Ingram Avenue to make contact with the registered owner. Officers Masley and Scatena knocked on the door to 248 Ingram Avenue and were greeted by Cindy Thompson. Cindy Thompson identified herself as being [Appellant's] mother. Officer Masley stated to Ms. Thompson that they were checking on the welfare of [Appellant] because they found her vehicle crashed in a parking lot. Ms. Thompson advised that [Appellant] was home, and consented to the officers entering the residence. [Appellant] came down from the upstairs of the residence, and Officer Masley noticed that she was unsteady on her feet and staggering. She had glassy and bloodshot eyes, and smelled alcohol. Officer Masley asked whether she had been drinking, and [Appellant] answered in the negative.

Officer Masley asked her where she had been, and she stated that she was drinking at Mugshots, and her mother drove her home. Mugshots is a bar located in the Crafton-Ingram Shopping center that serves its last call at 2:00 a.m. Vehicles are typically seen at Mugshots as late as 3:00 a.m. He asked her whether someone else could have the keys to her vehicle or could have driven her vehicle,

and she replied, that no one else drove her vehicle and she had the keys. Officer Masley advised her that her car was totaled in the middle of the Crafton-Ingram Shopping Center, and she replied, "oh, really?" [Appellant]… further stated that her mother drove her home. The parties stipulated that Ms. Thompson denied driving her home.

Officer Masley questioned [Appellant] regarding her injuries, and she indicated that she was not injured. Officer Masley then administered a field sobriety test, which she performed with "relatively minor difficulty." Given that [Appellant] was recently involved in an accident, Officer Masley did not believe it was appropriate to continue with field sobriety tests, and placed her under arrest for suspicion of DUI. [Appellant] consented to a blood draw, which occurred at 4:50 a.m. [Appellant's] BAC was 0.198 %.

(Trial Court Opinion, filed December 9, 2015, at 3-5) (internal citations to record omitted).

On September 11, 2014, Appellant filed a motion to suppress the results of the blood test, arguing it was not taken within two (2) hours of her last operation of the vehicle. At the motion hearing, Appellant raised another suppression issue, *i.e.*, she was under custodial interrogation when she came downstairs at home exhibiting various signs of intoxication while the police were present at her house investigating an accident or DUI scene. Appellant submitted a written brief in support of the new suppression issue on November 10, 2014. The court denied the suppression motion by order entered January 9, 2015. On the same day, the court proceeded with a bench trial where counsel stipulated to admission of the testimony from the suppression hearing (excluding the horizontal gaze nystagmus testimony);

- 3 -

the police report; and the lab results. Although charged with four offenses, the court convicted Appellant of only two counts of DUI. On April 24, 2015, the court sentenced Appellant to serve restrictive intermediate punishment for thirty (30) days with work, school, and medical release privileges; serve six (6) months' probation; pay a $750 fine; undergo a drug and alcohol evaluation; and attend highway safety school. The court imposed the sentence on one of the DUI convictions with no further penalty on the other DUI conviction. Appellant timely filed a notice of appeal on May 8, 2015. On May 11, 2015, Appellant filed an application to stay her sentence, fine, and fees pending appeal. That same day, the court granted the application and ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b). Following the grant of an extension of time, Appellant timely complied with the order on September 21, 2015.

Appellant raises the following issue on appeal:

> WAS THE EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE CONVICTIONS WHERE THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] WAS GENERALLY IMPAIRED, OR INCAPABLE OF SAFELY DRIVING, OPERATING, OR IN ACTUAL PHYSICAL CONTROL OF A MOTOR VEHICLE AT THE TIME OF THE ACCIDENT?

(Appellant's Brief at 4).

Appellant argues the Commonwealth failed to establish her general impairment, incapability of safe driving, or actual physical control of the vehicle by sufficient direct or circumstantial evidence because it could not

- 4 -

demonstrate the time the vehicle crashed, that Appellant was driving the vehicle when it crashed, or that she was intoxicated at the time of the crash. Appellant further contends Officer Masley could not determine when the vehicle was first observed in its damaged condition or how much time had elapsed from the time of the crash to his confrontation with Appellant. Appellant maintains her post-accident intoxicated state failed to prove beyond a reasonable doubt that she was in actual physical control of the vehicle at the time of the crash or that alcohol rendered her incapable of safely driving when she was in control of the vehicle. Appellant concludes this Court must vacate her judgment of sentence, reverse her convictions, and discharge her. We disagree.

With respect to Appellant's sufficiency claim:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the

weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)). The DUI statute in relevant part provides:

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> **(a) General impairment.**—
>
> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.
>
> * * *

75 Pa.C.S.A. § 3802(a)(1). The term "operate" as used in the DUI statute "requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa.Super. 2003).

Regarding Appellant's issue, the trial court reasoned as follows:

> In this matter, [Appellant's] vehicle was found totaled in the parking lot of the bar where [Appellant] admitted that she had been drinking that evening. [Appellant] acknowledged that she had the keys to her car, and that no one else had access to her vehicle. [Appellant] was clearly intoxicated, and her blood alcohol content was stipulated to be 0.198%. In addition, Counsel for [Appellant] conceded that she [had been at some point] driving the vehicle. As such, the Commonwealth

- 6 -

established beyond a reasonable doubt that [Appellant] operated her vehicle after imbibing a sufficient amount of alcohol that rendered her incapable of safely doing so.

(Trial Court Opinion at 5-6).  A review of the record supports the trial court's reasoning.  Officer Masley received a report of a crashed vehicle at 3:50 a.m. in the parking lot of the Crafton-Ingram Shopping Center.  At 3:54 a.m., Officer Masley arrived at the scene to see that an empty, locked car had struck a concrete pillar and was disabled by the damage, blocking two handicapped parking spaces.  Officer Masley stated in his police report that he had "previously driven past [the] location at approximately 03:00 and [the] vehicle was not in [that] location."  Officer Masley determined Appellant owned the vehicle and lived four blocks away, so he went to her residence to investigate.  Appellant's mother greeted Officer Masley and stated Appellant was not home because her car was not present.  At the insistence of the officer, however, Appellant's mother realized Appellant was present in the home.  Officer Masley was invited inside.  Appellant staggered downstairs to speak with him.  He observed Appellant's glassy, bloodshot eyes and asked whether she had been drinking since she returned home.  She admitted she had been drinking at a bar in the shopping center earlier that night but stated she did not drink once she returned home and she had been asleep for two hours.  Despite these statements, Officer Masley detected a strong odor of alcohol emanating from Appellant.  She claimed her mother drove her home from the bar, but her mother later denied that

fact. Appellant also admitted she had her car keys and told the officer no one else had driven her car that night. When Officer Masley told Appellant that her car was totaled in the shopping center parking lot, Appellant appeared unalarmed and replied, "oh, really?" Viewing this evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude the circumstantial evidence was sufficient to sustain Appellant's DUI convictions. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2016