J-S37045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
MIGUEL ANGEL MORALES-MUNOZ, JR., :
:
Appellant : No. 2053 MDA 2016

Appeal from the Judgment of Sentence October 27, 2016
in the Court of Common Pleas of Berks County,
Criminal Division, No(s): CP-06-CR-0001742-2016

BEFORE: STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 17, 2017**

Miguel Angel Morales-Munoz, Jr. ("Morales-Munoz"), appeals from the judgment of sentence imposed following his convictions of retail theft, receiving stolen property, and conspiracy to commit retail theft. ***See*** 18 Pa.C.S.A. §§ 3929(a)(1), 3925(a), 903(a)(1). We affirm.

On January 27, 2016, Morales-Munoz and his ex-girlfriend, Daisy Hernandez ("Hernandez"), entered a Walmart in Exeter Township, Berks County, Pennsylvania. Morales-Munoz was wearing a black hooded sweatshirt that partially covered his face and completely covered his hands. Morales-Munoz and Hernandez each took a shopping cart upon entering the store. They proceeded to the hardware department keeping some distance apart. While in the hardware department, Morales-Munoz picked an air compressor off the shelf and placed it in Hernandez's shopping cart. Next,

they walked to the electronics department where Morales-Munoz selected a television wall mount and placed it in Hernandez's shopping cart.

Morales-Munoz and Hernandez then walked toward the front of the store, where Morales-Munoz walked in and out of closed register lines and looked around. Next, Morales-Munoz and Hernandez walked toward the pharmacy area, where they left the shopping cart containing the air compressor and the television wall mount. Morales-Munoz and Hernandez then exited the store. Thereafter, Hernandez re-entered the store, retrieved the shopping cart with the merchandise, and left the store without paying. Once Morales-Munoz and Hernandez were in the parking lot, they loaded the items into a vehicle and drove away.

Walmart's loss prevention personnel, who had observed Morales-Munoz and Hernandez since the time they entered the store, contacted the police and provided the license plate number of the vehicle in which Morales-Munoz and Hernandez were traveling. The Exeter Police Department posted photographs of the suspects, taken from the Walmart surveillance video, on Facebook, which lead to their identification and subsequent arrest.

Following a bench trial on October 27, 2016, Morales-Munoz was found guilty of the above-mentioned charges. On the same date, the trial court sentenced Morales-Munoz to fifteen to sixty months in prison for the receiving stolen property conviction, followed by consecutive five-year probation terms for the retail theft and conspiracy convictions.

Morales-Munoz filed a timely Post-Sentence Motion, which the trial court denied. Morales-Munoz filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

On appeal, Morales-Munoz raises the following questions for our review:

A. Whether the evidence was insufficient to support the guilty verdicts where the Commonwealth failed to prove, beyond a reasonable doubt, that [Morales-Munoz] had the requisite intent and knowledge[?]

B. Whether the verdicts were against the weight of the evidence in that the testimony at trial established that [Morales-Munoz], although present when crimes were committed, did not participate in the crimes or know that they were being committed[?]

C. Whether the trial court abused its discretion by imposing a sentence of fifteen (15) to sixty (60) months of incarceration, to be followed by ten (10) years of probation, where the sentence was excessive and unreasonable, not in accordance with the applicable statutory requirements and without articulated reasons[?]

Brief for Appellant at 8.

In his first claim, Morales-Munoz contends that the evidence was insufficient to sustain his convictions where the Commonwealth failed to prove that he had the requisite intent and knowledge to commit the crimes. *Id.* at 14-15. Specifically, Morales-Munoz states that Hernandez's testimony demonstrated that he was unaware of her intention to take the items

without paying and that he was not in the store when Hernandez left without paying. *Id.*

The standard for review for a sufficiency of the evidence claim is as follows:

> When reviewing a sufficiency of the evidence claim, an appellate court, viewing the evidence and reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact-finder to find that all elements of the offense were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 701 A.2d 492, 499 (Pa. 1997). Further, the Commonwealth can sustain its burden of proving every element beyond a reasonable doubt by using wholly circumstantial evidence. *Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa. Super. 2003).

The Crimes Code defines retail theft as a person who

> takes possession of, carries away, or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail price thereof.

18 Pa.C.S.A. § 3929(a)(1).

The Crimes Code defines receiving stolen property as follows:

> A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

*Id.* § 3925(a).

- 4 -

> In order to sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy. This overt act need not be committed by the defendant; it need only be committed by a co-conspirator.

*Commonwealth v. Knox*, 50 A.3d 732, 740 (Pa. Super. 2012) (citation omitted); *see also* 18 Pa.C.S.A. § 903(a)(1). Further, "a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation." *Id.* (citation omitted); *see also Commonwealth v. Bricker*, 882 A.2d 1008, 1017 (Pa. Super. 2005) (stating "[c]ircumstantial evidence may provide proof of the conspiracy.") (citation omitted).

Here, Noel Rivera ("Rivera"), a loss prevention officer employed by Walmart, testified that on January 27, 2016, Morales-Munoz and Hernandez entered the store together and then separated. N.T., 10/27/16, at 9. Rivera then followed them to the hardware department, where he saw Morales-Munoz place an air compressor into Hernandez's shopping cart. *Id.* at 10-11. Rivera followed them to the electronics department where he observed Morales-Munoz place a television wall mount into Hernandez's shopping cart. *Id.* at 11. Rivera testified that Hernandez abandoned her cart containing the merchandise, and she and Morales-Munoz left the store. *Id.* at 12. Rivera stated that Hernandez then re-entered the store, and took

the shopping cart containing the merchandise, and exited the store without paying. *Id.* Rivera also testified that he observed Morales-Munoz loading the stolen merchandise into a vehicle. *Id.* at 25. Rivera then called the police. *Id.* at 26. The Commonwealth additionally introduced Walmart's video surveillance into evidence. *Id.* at 13-24.

Here, while Morales-Munoz did not physically remove the items from Walmart, a conspiracy can be inferred from the circumstantial evidence regarding his and Hernandez's actions. *See Knox*, 50 A.3d at 740. Indeed, the trial court, acting as fact-finder, found Hernandez's testimony that she acted alone to be incredible. *See* Trial Court Opinion, 2/6/7 at 4; *see also Commonwealth v. Talbert*, 129 A.2d 536, 542-43 (Pa. Super. 2015) (stating that the fact-finder is free to believe all, part, or none of the evidence, and this Court may not substitute our judgment for that of the fact-finder). Thus, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to support Morales-Munoz's convictions. *See Commonwealth v. Simpson*, 754 A.2d 1264, 1274 (Pa. 2000) (stating "a defendant can be held accountable for the actions of his or her co-conspirators although the defendant did not specifically intend for the co-conspirators to perform these acts."); *see also Commonwealth v. Murphy*, 844 A.2d 1228, 1238 (Pa. 2004).

In his second claim, Morales-Munoz argues that the verdict was against the weight of the evidence. Brief for Appellant at 15. Morales-

- 6 -

Munoz argues that although he was present when Hernandez committed the crime, the weight of the evidence did not establish that he participated in the crimes or knew that the crime was being committed. *Id.* at 15-16.

The standard of review for challenges to the weight of evidence is as follows:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well-settled that the fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on the weight of the evidence claim is only warranted where the [fact-finder's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Karns*, 50 A.3d 158, 165 (Pa. Super. 2012) (citation omitted).

In this case, the trial court, acting as the fact-finder, found Rivera's testimony, which was corroborated by video surveillance, to be credible. *See* Trial Court Opinion, 2/6/17 at 5; *see also Karns*, 50 A.3d at 165. The trial court also found Hernandez's testimony that she acted alone, without Morales-Munoz's knowledge, to be incredible. *See* Trial Court Opinion, 2/6/17, at 5. Based upon these determinations, we conclude that the trial court did not abuse its discretion in denying Morales-Munoz's weight of the evidence claim. Therefore, Morales-Munoz's second claim lacks merit.

In his final claim, Morales-Munoz challenges the discretionary aspects of his sentence. Brief for Appellant at 11-12, 16-17.

> An appellant challenging the discretionary aspects of the sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider or modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Morales-Munoz filed a timely Notice of Appeal, raised his claims in a timely Post-Sentence Motion, and included a Rule 2119(f) Statement in his brief. Further, Morales-Munoz's claims that the trial court imposed an excessive sentence and failed to offer specific reasons for the sentence, as required by 42 Pa.C.S.A. § 9721, raises a substantial question. **See** Brief for Appellant at 11-12; **see also Commonwealth v. Coulverson**, 34 A.3d 135, 143 (Pa. Super. 2011) (stating "failure to offer specific reasons for the

sentence that comport with the considerations required in section 9721(b)" raises a substantial question). Thus, we will review Morales-Munoz's sentencing claim.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Mastromarino**, 2 A.3d 581, 589 (Pa. Super. 2010) (citation omitted).

Here the trial court considered the sentencing guidelines based upon Morales-Munoz's prior record score and offense gravity score. N.T., 10/27/16, at 46-47. Our review discloses that the trial court also considered Morales-Munoz's prior criminal history, his mental health history and need for treatment, and the fact that he has children.[1] **Id.** at 47-49. Further Morales-Munoz concedes that his sentence was "in the middle of the standard range." Brief for Appellant at 17. Thus, we discern no abuse of discretion in the trial court's sentence. **See Moury**, 992 A.2d at 171 (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania Law views the sentence appropriate under the

---

[1] The record shows that Morales-Munoz waived a pre-sentence investigation report. N.T., 10/27/16, at 48.

Sentencing Code."); *see also Commonwealth v. Perry*, 883 A.2d 599, 603 (Pa. Super. 2005) (stating that a trial court may, in its discretion, impose sentences consecutively or concurrently).  Therefore we cannot grant Morales-Munoz relief on his final claim.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2017