**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Henry JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 24, 2003.

Filed Sept. 22, 2003.

Joseph J. Valvo, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: JOYCE, BENDER and BOWES, JJ.

OPINION BY JOYCE, J.:

¶ 1 Appellant, Henry Johnson, appeals from the January 7, 2002 judgment of sentence entered in the Court of Common Pleas of Philadelphia County. Appellant challenges the sufficiency of the evidence underlying his conviction of driving under the influence of alcohol (DUI). After review, we affirm.

¶ 2 Viewed in the light most favorable to the Commonwealth, the evidence presented at trial revealed the following.

On September 11, 1999 at approximately 10:40 p.m., Officer Karen Nance ... was directed to the corner of 27th and Clearfield Streets in the City and County of Philadelphia [Pennsylvania] based on information she received while on duty. At the intersection, Officer Nance observed what appeared to be an accident involving two vehicles in the middle of 27th Street. Officer Nance stated that the vehicles were located in the middle of the street, in a traffic lane. The first vehicle was a 1989 Pontiac with women and children seated inside. The second vehicle was a 1982 Chevy Impala which was owned by Appellant and was situated behind the Pontiac. Officer Nance observed that there was damage to the hatchback and rear bumper of the Pontiac, and damage to the front bumper of the Appellant's vehicle.

Upon the Officer's arrival, the women and children were still in the Pontiac, and the Appellant was outside the Chevy Impala, leaning on the driver's side door. The Officer observed no one in the immediate area other than Appellant and the women and children seated in the Pontiac. Further, the Officer saw no other cars in the vicinity of the accident. Moreover, the officer testified that on the way to the scene of the accident, a distance of about three blocks, she did not see anyone in the area besides the Appellant and the occupants of the Pontiac.

Officer Nance testified that at the time of the incident, the Appellant was incoherent, disheveled in appearance, and staggered when he walked or moved. When the Officer asked the Appellant for identification, he had difficulty locating it. When the Appellant did find his license, Officer Nance discovered that it had been suspended. The registration and insurance information revealed that the car was registered to the Appellant.

Officer Nance stated that while she was talking with Appellant, she noted the strong odor of alcohol on his breath. When the [O]fficer asked if the Appellant had consumed alcohol, Appellant responded that he had a few beers. In addition, the Appellant staggered when the [O]fficer asked him to walk the curb. At this point, Officer Nance placed the Appellant under arrest.

At trial, there was a stipulation that an Officer Lewis ... administered a breathalyzer to the Appellant. Officer Lewis conducted this test using Intoxilyser 5000 and the results revealed that the Appellant had a 0.210 Blood Alcohol Level. Based on the results, [it was stipulated that] Officer Lewis, had he been called to testify, would have offered the opinion that the Appellant would be impaired from operating a motor vehicle, and was not a safe driver.

Trial Court Opinion, 7/16/2002, at 2–4 (footnotes and citations to the notes of testimony omitted).

¶ 3 Procedurally, Appellant was charged with driving under the influence of alcohol (DUI), 75 Pa.C.S.A. § 3731. Appellant underwent a bench trial at the Philadelphia Municipal Court on August 22, 2000, and was found guilty as charged. On February 20, 2001, Appellant was sentenced to 30 days to 23½ months' incarceration. On February 27, 2001, Appellant filed a notice of appeal to the Philadelphia County Court of Common Pleas. Having waived his right to a jury trial, on October 22, 2001, Appellant was tried before the Honorable Annette M. Rizzo. Judge Rizzo found Appellant guilty as charged and on January 7, 2002, she sentenced Appellant to 30 days to 23½ months' incarceration to be followed by 22½ months' reporting probation.

¶ 4 On January 17, 2002, Appellant filed a motion for reconsideration. The trial judge did not rule on Appellant's motion. Subsequently, on May 20, 2002, the Clerk of Courts (the Office of Active Criminal Records) issued an order indicating that Appellant's post-sentence motion was denied by operation of law. *See* Pa. R.Crim.P. 720(B)(3). On May 23, 2002, Appellant filed the instant appeal.[1]

¶ 5 Upon receipt of Appellant's notice of appeal, the trial court directed Appellant to file a concise statement of matters complained of pursuant to Pa.R.A.P. 1925(b). Appellant complied with the trial court's directive and filed a statement challenging the sufficiency of the evidence underlying his conviction. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) addressing the single issue raised by Appellant.

¶ 6 In this appeal, Appellant questions the sufficiency of the evidence upon which he was convicted of driving under the influence of alcohol. *See* Brief for Appellant, at 4. Appellant argues that the evidence was insufficient because there was no direct evidence that he was *driving* under the influence of alcohol. He further contends that the evidence only showed that he was merely present at the scene of the accident since no one saw him in the car and no one saw him driving the car prior to or during the accident.

¶ 7 Another facet of Appellant's argument is the contention that the evidence presented by the Commonwealth leads to a number of reasonable fact patterns and inferences. According to Appellant, one could reasonably conclude that Appellant was a passenger in his own car when the accident occurred; that there may have been several occupants of Appellant's car at the time of the accident and they fled after the accident, leaving Appellant to deal with the consequences. Appellant further speculates that someone else may have been driving Appellant's car at the time of the accident and that this unknown driver may have summoned Appellant to the scene and then fled. We are not convinced by Appellant's arguments and speculations.

The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substi-

---

1. The instant appeal is timely. Pursuant to Pa.R.Crim.P. 720(A)(2)(b), if a defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion.

tute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert,* 795 A.2d 1010, 1014—1015 (Pa.Super.2002) (internal citations and quotation marks omitted).

¶ 8 Pursuant to 75 Pa.C.S.A. § 3731(a), "[a] person shall not drive, operate or be in actual physical control of the movement of any vehicle: (1) while under the influence of alcohol to a degree which renders the person incapable of safe driving." *Id.* A person is guilty of driving under the influence of alcohol if (1) he was driving, operating or in actual physical control of a vehicle; (2) while he was under the influence of alcohol to the degree that rendered him incapable of safe driving or if his blood alcohol level was 0.10% or greater while driving or within three hours thereafter. *Commonwealth v. Woodruff,* 447 Pa.Super. 222, 668 A.2d 1158, 1161 (1995). "The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Commonwealth v. Wilson,* 442

Pa.Super. 521, 660 A.2d 105, 107 (1995) (citation omitted).

¶ 9 Herein, Appellant does not contest the sufficiency of the evidence that he was under the influence of alcohol when the police arrived at the accident scene and subsequently arrested him. Indeed, the evidence clearly shows that within three hours of his arrest, Appellant's blood alcohol level was determined to be 0.210%, more than twice the legal limit.

¶ 10 Appellant argues, however, that the evidence did not establish that he was driving, operating, or in actual physical control of his motor vehicle at the time in question because no one saw him in the vehicle. This argument is based on a misunderstanding of Pennsylvania DUI law. Under Pennsylvania law, an eyewitness is not required to establish that a defendant was driving, operating, or was in actual physical control of a motor vehicle. The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle.

¶ 11 In the case at bar, one of the cars involved in the accident (the Chevy Impala) was owned by Appellant and was registered in his name. The other car involved in the accident (the Pontiac) sustained rear-end damage while Appellant's vehicle sustained front-end damage. When the police arrived, Appellant's vehicle was located on a travel lane on a public street behind the other vehicle involved in the accident. This indicates that Appellant's vehicle was driven to that location: the vehicle did not suddenly emerge from nowhere onto the travel lane of a public street. Appellant was leaning against the driver's side door of his vehicle when the police arrived. Thus, it can reasonably be inferred that Appellant drove his car to the accident scene: Appellant and his car did not suddenly emerge from nowhere onto the travel lane of a public street

behind another car that had just been rear-ended. It can reasonably be inferred that Appellant must have driven his car to that location.

¶ 12 The evidence also showed that the police arrived at the scene of the accident within a short period of time and saw the occupants of the other vehicle still seated in the car. The only other person at the scene was Appellant. Since under these circumstances, it would be implausible to assume that one of the occupants of the other vehicle drove Appellant's vehicle to the accident scene, the only remaining person who could have driven Appellant's vehicle to the accident scene is Appellant. The inference that Appellant drove his vehicle to the accident scene is strongly supported by the fact that shortly after the accident, Appellant was found leaning against the driver's side door of his vehicle which had just been involved in an accident.

¶ 13 As previously indicated, Appellant offers some speculations as to what may have happened and how Appellant may have arrived at the accident scene. In speculating that another person may have been driving his car, Appellant relies on *Commonwealth v. Wilson*, 225 Pa.Super. 513, 312 A.2d 430 (1973). In that case, a police officer and another witness found the intoxicated Wilson in the driver's seat of a vehicle which had struck a mailbox and had come to a stop before the officer arrived at the scene. No one saw Wilson driving the vehicle prior to or at the time of the one-car accident. Wilson was charged with DUI and at trial he alleged that someone else, Barry Shaffer, was driving the vehicle at the time in question. Barry Shaffer testified in Wilson's defense and admitted that he, and not Wilson, was driving the vehicle at the relevant period of time. Nevertheless, Wilson was convicted of DUI. On appeal, our Court reversed on the basis that under all the circumstances of that case—no eye witness to Wilson's operation of the vehicle; and no contradiction of Barry Shaffer's testimony that he was the driver—a reasonable doubt was raised as to Wilson's guilt which would prevent a conviction under the law. *Id.* at 432.

¶ 14 In the case at bar, Appellant's reliance on *Wilson* is misplaced. The speculation about an unknown person driving Appellant's vehicle and fleeing immediately after the accident is not supported by any evidence. The conjecture that Appellant may have been summoned to the accident scene by an unknown person who was driving Appellant's car when the car was involved in the accident is likewise unsupported by the evidence. These speculations are implausible and unconvincing. Even if plausible, these speculations do not undermine the sufficiency of the evidence underlying Appellant's conviction. Under the applicable standards, to sustain a conviction, the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *See Lambert, supra.* Further, the Commonwealth was not required to establish Appellant's guilt to a mathematical certainty. *See Commonwealth v. Badman*, 398 Pa.Super. 315, 580 A.2d 1367, 1372 (1990) (citation omitted).

¶ 15 Taken to its ultimate conclusion, Appellant's argument is that when a driver involved in a motor vehicle accident gets out of the vehicle before the police arrives and before anyone else could see him, the driver cannot be convicted of any crimes associated with, or resulting from the accident. This proposition has no basis in Pennsylvania law and does not comport with the standards which our courts utilize in reviewing sufficiency of the evidence claims. Applying the standards for determining sufficiency of the evidence set forth in *Lambert*, we conclude that under the facts and circumstances of this case, the

Commonwealth sufficiently established beyond a reasonable doubt that Appellant was driving, operating or in actual physical control of his vehicle while he was under the influence of alcohol to the degree that rendered him incapable of safe driving.

¶ 16 The above conclusion is quite consistent with several cases in which a defendant was found guilty of DUI even though no one actually saw the defendant driving the vehicle. Although unlike the instant case, the cases cited below involved situations where the defendant was found inside the vehicle, the significant point is that no one actually saw these defendants driving or operating the vehicles in question. In that respect, these cases are analogous to the instant case.

¶ 17 In *Woodruff, supra,* in the early hours of April 15, 1993, the police found appellant in a slumped position and sleeping in his automobile along the side of Route 6 in Wyalusing Township, Pennsylvania. That location was fifty yards from a convenience store from where the appellant previously purchased alcoholic beverages. The appellant's vehicle was protruding over the fog lines into the lane of traffic. The engine of the automobile was running and its high beam lights were activated. The appellant, who was seated behind the steering wheel of the vehicle, smelled of alcohol and had many cans of beer in the vehicle. *Woodruff,* 668 A.2d at 1160. The police roused the appellant, and administered field sobriety tests which the appellant failed. Following his conviction of driving under the influence, on appeal, the appellant did not contest that he was under the influence of alcohol when he was arrested. Rather, he argued that the evidence was insufficient to establish that he was driving, operating or in actual physical control of the automobile. We rejected this argument and noted that "the suspect location of an automobile 'supports an inference that it was driven, ... a key factor

in the finding of actual control.' " *Id.* at 1161. We also emphasized that for a DUI conviction, no observation was necessary that the defendant's car was in motion. *Id.*

¶ 18 In *Commonwealth v. Bowser,* 425 Pa.Super. 24, 624 A.2d 125 (1993) *appeal denied,* 537 Pa. 638, 644 A.2d 161 (1994), *cert. denied* 513 U.S. 867, 115 S.Ct. 186, 130 L.Ed.2d 120 (1994), the evidence established that the intoxicated Bowser was found clutching the steering wheel of a car that had been involved in a two-car accident and was stopped in the road. Shortly after the accident, an individual named David Waters arrived on the scene. He subsequently removed the driver of the other vehicle, Ms. Furlong from her burning automobile and placed her in the back of his truck. Mr. Waters then proceeded to Bowser's vehicle and eventually utilized force to remove Bowser from the vehicle. *See Bowser,* 624 A.2d at 129. When the police arrived, Mr. Waters informed them that Bowser was one of the drivers involved in the accident. Bowser was subsequently convicted of DUI. On appeal, our Court found this evidence sufficient to sustain Bowser's DUI conviction even though no one actually saw Bowser driving the vehicle. *See Id.* at 130.

¶ 19 In *Commonwealth v. Devereaux,* 304 Pa.Super. 327, 450 A.2d 704 (1982), two witnesses heard a crash and went to the scene to investigate. At the scene, one of the witnesses saw Devereaux in the passenger seat of a car that had been involved in a one-car accident. No one else was in the vicinity other than Devereaux and another man who was standing outside Devereaux's car attempting to render aid to Devereaux. Although no one actually saw Devereaux driving the car and no one saw him in the driver's seat or behind the steering wheel, this Court upheld Devereaux's DUI conviction based on the reasonable inference that Devereaux was

driving or operating the vehicle at the time of the accident.

¶ 20 *Commonwealth v. Leib,* 403 Pa.Super. 223, 588 A.2d 922 (1991) presents yet another example of a situation where this Court upheld a DUI conviction even though nobody actually saw the appellant drive the vehicle. In that case, the police found the appellant, unconscious and slumped over the steering wheel of his vehicle which was parked in the middle of the road. *Id.* at 924. Although the car was not running, the keys were in the ignition. After the police awakened the appellant, who smelled of alcohol and had glassy and bloodshot eyes, they subsequently administered field sobriety tests which the appellant failed. The appellant's blood alcohol content was later determined to be .263. *Id.* Following his DUI conviction, on appeal the appellant maintained that the evidence was insufficient to establish that he was driving, operating or in actual physical control of the vehicle. He argued that his car broke down at the location where he was arrested and that he consumed alcohol after his car broke down. We rejected the appellant's argument, noting that the jury did not believe his version of the events.

¶ 21 From the cases cited above, it is clear that the Commonwealth may establish, by the totality of the circumstances, that a defendant was driving, operating or in actual physical control of a motor vehicle. "It is not necessary that the vehicle itself must be in motion but that it is sufficient if the operator is in actual physical control of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself." *Commonwealth v. Crum,* 362 Pa.Super. 110, 523 A.2d 799, 801 (1987) (citation omitted). As we noted in *Devereaux, supra,* "[i]t seems illogical and unreasonable to permit the operator of a vehicle to be exonerated from the responsibility and liability for his actions simply because there were no witnesses except the appellant who saw the accident or the driving appellant." *Id.* 450 A.2d at 707.

¶ 22 Based on the foregoing discussion, we conclude in the case at bar, that viewing the evidence in the light most favorable to the Commonwealth, the evidence sufficiently established beyond a reasonable doubt that Appellant was driving, operating or in actual physical control of his motor vehicle at the time of the accident and that at the time in question, Appellant was under the influence of alcohol to the degree that rendered him incapable of safe driving and his blood alcohol level was greater than 0.10% while he was driving or within three hours thereafter. Accordingly, we affirm Appellant's DUI conviction.

¶ 23 Judgment of sentence affirmed.