J-S38044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BILAL LEE WATTS, | : | |
| | : | |
| Appellant | : | No. 1990 MDA 2014 |

Appeal from the Judgment of Sentence entered on October 14, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0004106-2013

BEFORE:  WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED JULY 16, 2015**

Bilal Lee Watts ("Watts") appeals from the judgment of sentence imposed following his conviction of insurance fraud, criminal attempt (theft by deception), and false reports to law enforcement.  **See** 18 Pa.C.S.A. §§ 4117(a)(2), 901(a), 4906(b)(1).  We affirm.

On February 29, 2012, Watts reported to the Pennsylvania State Police that he had been involved in a hit-and-run accident on Interstate 81 in Dauphin County. Pennsylvania State Trooper Ronald Charles ("Trooper Charles"), responded to the scene and determined that the damage to the car was not fresh, as the damage had already rusted.  Nevertheless, on March 12, 2012, Watts filed a claim with his insurance company, Geico Insurance Company ("Geico"), relating to the accident.  The estimated claim payment for the damage was $976.98.  Albert A. Tenuta ("Tenuta"), an

investigator for Geico, determined that Watts had previously filed a claim with Progressive Insurance Company ("Progressive") for the same damage.

Watts was arrested and charged with various crimes. On August 24, 2014, a jury found Watts guilty of the above-mentioned charges. The trial court sentenced Watts to serve nine to twenty-three months in work release for each count, with the sentences to run concurrently. Watts filed a Post-Sentence Motion, which the trial court denied.

Watts filed a timely Notice of Appeal. Thereafter, Watts filed a court-ordered 1925(b) Concise Statement of Matters Complained of on Appeal, and the trial court issued an Opinion.[1]

> On appeal, Watts raises the following questions for our review:
>
> I. Was there insufficient evidence to conclude that [Watts] filed a false claim?
>
> II. Did the trial court err in denying [Watts's] [P]ost[-S]entence [M]otion because the jury's verdict against [Watts] was so against the weight of the evidence as presented at trial so as to shock one's sense of justice?
>
> III. Did the trial court abuse its discretion by imposing an unduly harsh and unreasonable sentence because the trial court failed to consider [Watts's] rehabilitative needs versus the public's safety?

Brief for Appellant at 7.

---

[1] We note that the trial court found the Concise Statement to be vague regarding the sufficiency and weight of the evidence claims. *See* Trial Court Opinion, 2/23/14, at 3. While the Concise Statement is vague, we decline to find waiver on this basis.

In his first claim, Watts alleges that the evidence was insufficient to establish that he had filed a false claim. *Id.* at 17. Watts argues that the evidence clearly shows that the damage from the first and second claims were different. *Id.* at 18. Also, Watts states that the testimony showed that he received chiropractic care ten days after the alleged second accident. *Id.* Watts contends that this evidence proves that he had been in two separate accidents, and that the evidence was insufficient to support his convictions. *Id.*[2]

The standard of review for a sufficiency of the evidence claim is as follows:

> When reviewing a sufficiency of the evidence claim, an appellate court, viewing all of the evidence and reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact-finder to find that all elements of the offense were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 701 A.2d 492, 499 (Pa. 1997). Further, the Commonwealth can sustain its burden of proving every element beyond a reasonable doubt by using wholly circumstantial evidence. *Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa. Super. 2003).

In order to sustain a conviction under 18 Pa.C.S.A. § 4117(a)(2), the Commonwealth must prove that the defendant

---

[2] Watts does not specifically cite to the convictions from which he is appealing. *See* Pa.R.A.P. 2119(a). While we may find waiver based upon Watts's vague argument, we decline to do so and will address his claim.

[k]nowingly and with the intent to defraud any insurer or self-insured, presents or causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim.

18 Pa.C.S.A. § 4117(a)(2).

In order to sustain a conviction under 18 Pa.C.S.A. § 901(a), the Commonwealth must prove that "[w]ith intent to commit a specific crime, [the defendant] does any act which constitutes a substantial step toward the commission of that crime." *Id.* § 901(a). A person commits theft by deception, the defendant "[i]ntentionally obtains or withholds property of another by deception." *Id.* § 3922(a)(1).

In order to sustain a conviction under 18 Pa.C.S.A. § 4906(b)(1), the Commonwealth must prove that the defendant "[r]eports to law enforcement authorities an offense or other incident within their concern knowing that it did not occur." *Id.* § 4906(b)(1).

Viewing the record in the light most favorable to the Commonwealth, the record reflects that on February 29, 2012, Watts told Trooper Charles that he had been involved in a hit-and-run crash. N.T., 8/21/14, at 20. Trooper Charles testified that, based on his years of experience doing crash reports, the damage to the vehicle was not fresh because it had already rusted. *Id.* at 25-26. Trooper Charles also testified that after explaining to Watts that the damage was not fresh, Watts responded, saying, "[i]t just happened. I swear." *Id.* at 26.

- 4 -

Tenuta testified that Watts filed a claim with Geico on February 29, 2014, the same day that his policy went into effect. *Id.* at 41-43. The estimated claim payment was $976.98. *Id.* at 52. Tenuta further testified that he discovered that Watts had also filed an identical claim with Progressive. *Id.* at 57. When showed two pictures, one of the damage from the night in question and one from the Progressive claim, Tenuta stated that the damage was the same. *Id.* at 57-58. In viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient to support his convictions.

In his second claim, Watts argues that the verdict was against the weight of the evidence presented at trial. Brief for Appellant at 19. He claims that the testimony of Tenuta and Trooper Charles was so inconsistent that the jury's verdict shocks one's sense of justice. *Id.*

The standard of review for challenges to the weight of the evidence is as follows:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the fact-finder's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Karns*, 50 A.3d 158, 165 (Pa. Super. 2012) (citation and brackets omitted).

Initially, Watts incorporates by reference his sufficiency argument. However, our appellate rules do not allow for incorporation by reference. *See Commonwealth v. Veon*, 109 A.3d 754, 774 (Pa. Super. 2015) (stating that an appellant waives any claim where he or she incorporates by reference to prior arguments). In any event, from the verdict, it is apparent that the jury found the testimony of both Trooper Charles and Tenuta credible. *See Karns*, 50 A.3d at 165 (stating that the fact finder determines the credibility of witnesses). Because the evidence supports the jury's verdict, we conclude that the trial court did not abuse its discretion in denying Watts's weight of the evidence claim.

In his final claim, Watts challenges the discretionary aspects of his sentence.

> An appellant challenging the discretionary aspects of the sentence must invoke this [C]ourt's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

* * *

- 6 -

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Watts filed a timely Notice of Appeal, raised his claims in a timely Post-Sentence Motion, and included a Rule 2119(f) Statement in his brief. Further, Watts's claim that the trial court failed to consider the nature and circumstances of the crimes and his rehabilitative needs raises a substantial question. *See* Brief for Appellant at 11-12; *see also Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (stating that failure "to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" raises a substantial question). Thus, we will review Watts's sentencing claims.

Watts argues that the trial court did not consider his mental health needs. Brief for Appellant at 20-21. Watts asserts that he has been diagnosed as being schizophrenic and bipolar. *Id.* at 20.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment.

- 7 -

Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Mastromarino***, 2 A.3d 581, 589 (Pa. Super. 2010)

(citation omitted).

The trial court addressed Watts's sentencing claim as follows:

[The trial court] carefully considered all of the factors including [Watts's] offense gravity score and prior record as well as the Commonwealth's sentence recommendation. Clearly, [Watts's] sentence is well below the aggregate that could have been imposed. Further[,] review of the sentencing hearing transcript reveals that th[e trial c]ourt also carefully considered the factors raised by [Watts]: mental health treatment, the fact of his employment and his desire to remain employed to support his family and that any criminal history did not involve insurance fraud. It is notable that this [c]ourt ordered that [Watts's] incarceration be served in a work release setting[,] which would facilitate his continued efforts to remain employed. [Watts] was also granted a deferred report date to permit him to get his family's affairs in order and ensure that he would have a job while serving his sentence[,] which is indicative of the [c]ourt's consideration of his obligations with respect to his wife and children.

Trial Court Opinion, 2/23/14, at 4 (citations omitted). We discern no abuse of discretion in the trial court's reasoning. Therefore, we cannot grant Watts relief on this claim.

Judgment of sentence affirmed.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2015