J-S25003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HILAIRE KARANGWA | : | |
| | : | |
| Appellant | : | No. 591 WDA 2017 |

Appeal from the Judgment of Sentence March 9, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004420-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 9, 2018**

Appellant, Hilaire Karangwa, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for driving under the influence of alcohol ("DUI"), driving while operating privilege is suspended or revoked, and public drunkenness.[1]  We affirm in part, and vacate and remand in part.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> DID THE COMMONWEALTH FAIL TO PRESENT SUFFICIENT EVIDENCE TO CONVICT [APPELLANT] OF DRIVING UNDER THE INFLUENCE ("DUI")?
>
> SHOULD  [APPELLANT'S]  JUDGMENT  OF  SENTENCE…BE

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1); 1543(b)(1); 18 Pa.C.S.A. § 5505, respectively.

VACATED WHEN IT CONTAINS A SCRIVENER'S ERROR THAT CONFLICTS WITH THE COMMONWEALTH'S ORAL AMENDMENT WITH RESPECT TO THE CHARGE OF DRIVING WHILE OPERATING PRIVILEGE IS SUSPENDED OR REVOKED?

(Appellant's Brief at 6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Edward J. Borkowski, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed September 6, 2017, at 7-13) (finding: **(1)** Commonwealth presented evidence that police were emergently summoned to scene of recently crashed and burning vehicle; footprints from driver's door of burning vehicle led directly to Appellant, who was laying in snow approximately 30 yards away; vehicle front bumper had struck another vehicle parked in driveway of 106 Decker Lane, coming to rest parallel to that parked vehicle; Appellant's vehicle was on fire, keys were in ignition, transmission was engaged, and engine was still running; Appellant had glassy eyes, incoherent speech, he was unable to stand, had urinated himself, and had strong odor of alcohol on his breath; Appellant lived near site of accident; circumstantial evidence established Appellant was operating his vehicle while intoxicated, crashed vehicle, and attempted to flee area but managed to travel only 30 yards before collapsing onto snow-covered ground; although Appellant's vehicle came to rest in private driveway of 106 Decker Lane, street

adjacent to where Appellant's vehicle came to rest is unquestionably "public trafficway"; circumstantial evidence established that Appellant, while heavily intoxicated, drove his vehicle on Decker Lane immediately before he pulled onto private driveway of 106 Decker Lane, struck vehicle parked there, and attempted to flee on foot; Commonwealth presented sufficient evidence to sustain Appellant's DUI conviction; **(2)** prior to trial, Commonwealth amended count four of criminal information (driving while operating privilege is suspended or revoked) from third-degree misdemeanor offense to summary offense; court sentenced Appellant in accordance with summary offense but sentencing order erroneously lists offense as original third-degree misdemeanor charge instead of correct subsection of statute grading it as summary offense; as sentencing order contains clear clerical error, Superior Court should vacate and remand for limited purpose of correcting patent error on sentencing order). Accordingly, we affirm Appellant's convictions on the basis of the trial court's opinion; but we vacate and remand in limited part, as the court requested, to correct a patent error on the sentencing order.[2]

Judgment of sentence affirmed in part; vacated and remanded in part. Jurisdiction is relinquished.

---

[2] The Commonwealth agrees with the trial court's recommendation to vacate and remand in limited part to correct the error on the sentencing order.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2018



ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,      CRIMINAL DIVISION

APPELLEE,

V.

HILAIRE KARANGWA,                  CC NO.: 201504420

APPELLANT.

591 WDA 2017

**OPINION**

FILED BY:

THE HONORABLE
EDWARD J. BORKOWSKI



COPIES TO:

Caleb Pittman, Esq.
Law Offices of the Public Defender
400 County Office Building
Pittsburgh, PA 15219

Michael Streily, Esq.
Office of the District Attorney
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

APPELLEE,

V.

HILAIRE KARANGWA,           CC NO.: 201504420

APPELLANT.

## OPINION

BORKOWSKI, J.

## PROCEDURAL HISTORY

Appellant, Hilaire Karangwa, was charged by criminal information (CC 201504420) with one count each of driving under the influence (0.16% or higher),[1] driving under the influence (accident resulting in injury),[2] driving under the influence (third offense),[3] driving while operating privilege is suspended,[4] and one summary count of public drunkenness.

---

[1] 75 Pa. C.S. § 3802(c).
[2] 75 Pa. C.S. § 3802(a)(1).
[3] 75 Pa. C.S. § 3802(a)(1).
[4] 75 Pa. C.S. § 1543(b)(1.1)(ii).

On November 17, 2016, the Trial Court granted the Commonwealth's motion to withdraw count one and amend count four to driving while operating privilege is suspended as a summary offense.

On November 17, 2016, Appellant proceeded to a nonjury trial, at the conclusion of which the Trial Court took the matter under advisement.

On November 29, 2016, the Trial Court found Appellant guilty of driving under the influence (third offense), driving while operating privilege is suspended, and public drunkenness. The Trial Court found Appellant not guilty of driving under the influence (accident resulting in injury).

On March 9, 2017, Appellant was sentenced by the Trial Court as follows:

Count three: driving under the influence (third offense) – thirty days restrictive intermediate punishment and a concurrent period of probation of eighteen months;

Count four: driving while operating privilege is suspended – sixty days restrictive intermediate punishment to be served concurrent to the sentence imposed at count three.

On March 16, 2017, Appellant filed a post sentence motion, which was denied by the Trial Court on March 20, 2017.

This timely appeal follows.

## STATEMENT OF ERRORS ON APPEAL

Appellant filed his Concise Statement of Errors on June 27, 2017. Appellant raises the following issues on appeal, and they are presented below exactly as Appellant stated them:

a. Mr. Karangwa's conviction for Driving Under the Influence must be reversed and vacated because there was insufficient evidence to support the verdict of guilty. Mr. Karangwa intends to set forth the following arguments in support of this contention:

  i. Even if it were conceded that Mr. Karangwa operated a motor vehicle on the day in question, and that Mr. Karangwa was intoxicated at the time that the police encountered him, the Commonwealth presented no evidence to prove, beyond a reasonable doubt, that he was intoxicated while operating the motor vehicle. Thus, the evidence was insufficient to prove, beyond a reasonable doubt, that Mr. Karangwa was guilty of Driving Under the Influence.

  ii. Alternatively, even if it were conceded that Mr. Karangwa was, at some point, operating a motor vehicle while intoxicated, the Commonwealth presented no evidence to show that Mr. Karangwa was on a public trafficway while so operating the motor vehicle. Thus, the evidence was insufficient to prove, beyond a reasonable doubt, that Mr. Karangwa was guilty of Driving Under the Influence.

b. Mr. Karangwa's sentencing order erroneously states that he was convicted of Driving while Operating Privilege is Suspended or Revoked under 75 Pa.C.S. § 1543(b)(1)(1.1)(ii). A conviction under that subsection requires that the actor drove with an amount of alcohol equal to or greater than .02% by weight or any amount of a Schedule I or nonprescribed Schedule II or III

4

controlled substance in his blood. The Commonwealth never introduced evidence to meet either of these requirements at trial. Furthermore, the Commonwealth orally amended this charge to a charge of 75 Pa.C.S. § 1543(b)(1) just before trial. The charge as it is listed on Mr. Karangwa's order of sentence thus appears to be a scrivener's error and must be corrected.

## FINDINGS OF FACT

On January 21, 2015, Appellant was residing on Decker Lane, Ross Township, Allegheny County. Shortly before 12:15 A.M. on that date, Appellant drove his vehicle into a neighbor's driveway (106 Decker Lane), striking a vehicle that was parked in the driveway of that home. Appellant's vehicle caught fire, Appellant exited his vehicle, and fled the immediate area, leaving the vehicle's engine running and the transmission in gear (reverse). Appellant, however, collapsed in the snow approximately thirty yards away from his vehicle. (T.T. 5-10, 12, 14).[5]

Ross Township Police Officer Dean Chiaramonte was called to 106 Decker Lane for a vehicle fire. (T.T. 5). Upon arrival, Officer Chiaramonte observed a damaged Subaru Forester parked in the driveway of 106 Decker Lane. The front bumper of Appellant's vehicle (a Kia Sedona) had impacted the Forester, and Appellant's vehicle had come to rest parallel to the Forester. Appellant's vehicle was on fire, the engine was running, the transmission was in reverse, and the

---

[5] The designation "T.T." followed by numerals refers to Non-Jury Trial Transcript, November 17 and 29, 2016.

driver's side door was ajar. Responding officers placed Appellant's vehicle in park, and shut off the engine. (T.T. 5-6, 14).

There were no occupants in Appellant's vehicle, and Officer Chiaramonte followed a fresh set of footprints in the snow from the driver's side open door to Appellant, who was lying in the snow approximately 30 yards away. (T.T. 6-7). It was quickly apparent to Officer Chiaramonte that Appellant was heavily intoxicated. Appellant: (1) had glassy eyes; (2) had a strong odor of alcoholic beverage on his breath; (3) was unable to stand; (4) was extremely difficult to communicate with; and (5) had urinated himself. (T.T. 8-9). Appellant denied that he had been driving, apologized, and stated that someone named James had been driving. However, further inspection of the vehicle and the driveway area revealed trash covering the passenger seat, and there was only the singular set of footprints from the driver's side of the vehicle leading directly to Appellant. (T.T. 6-10).

Based upon his training and experience, Officer Chiaramonte opined that Appellant was intoxicated to the point that he was incapable of safely operating a motor vehicle. (T.T. 10). At the time of the incident, Appellant's license was suspended for previously driving under the influence. (T.T. 11).

Appellant was charged as noted hereinabove.

## DISCUSSION

### I.

Appellant alleges in his first claim that the evidence was insufficient to sustain his conviction of driving under the influence. Appellant bifurcates this claim into two parts; neither has merit.

The standard of review for sufficiency of the evidence claims has been stated thusly:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Gray*, 867 A.2d 560, 567 (Pa. Super. 2005). The subsection of the DUI statute under which Appellant was convicted provides that:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa. C.S. § 3802(a)(1).

## A.

In the first part of his sufficiency claim, Appellant avers that the Commonwealth failed to prove beyond a reasonable doubt that Appellant was intoxicated while he was operating a motor vehicle. In this regard, the Superior Court has held as follows:

> The term "operate" requires evidence of actual physical control of the vehicle to be determined based upon the totality of the circumstances. Our precedent indicates that a combination of the following factors is required in determining whether a person had "actual physical control" of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle. The Commonwealth can establish that a defendant had "actual physical control" of a vehicle through wholly circumstantial evidence. Furthermore, a police officer may utilize both his experience and personal observations to render an opinion as to whether a person is intoxicated.

*Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008) (citations and quotations omitted).

Contrary to Appellant's claim, the evidence presented at Appellant's trial clearly established beyond a reasonable doubt that Appellant was operating a motor vehicle while he was intoxicated to the degree that it rendered him incapable

8

of safely driving. To-wit: (1) police were emergently summoned to the scene of a recently crashed and burning vehicle; (2) footprints from the driver's door of the burning vehicle led directly to Appellant, laying in the snow approximately 30 yards away; (3) the vehicle's front bumper had struck a vehicle parked in the driveway of 106 Decker Lane, coming to rest parallel to that parked vehicle; (4) Appellant's vehicle was on fire, the keys were in the ignition, the transmission was engaged, and the engine was still running; (5) Appellant had glassy eyes, incoherent speech, he was unable to stand, had urinated himself, and had a strong odor of alcoholic beverage on his breath; and (6) Appellant lived near the site of the accident. (T.T. 5-10, 12, 14). The only logical conclusion from this evidence is that Appellant was intoxicated while operating a motor vehicle, crashed that vehicle, attempted to flee the area but only managed to travel 30 yards before collapsing onto the snow-covered ground.

Thus, there was compelling and overwhelming direct and circumstantial evidence that Appellant was intoxicated while operating a motor vehicle. *See Williams*, 941 A.2d at 28-30 (evidence sufficient to sustain conviction of driving under the influence where officer responded to 911 call for vehicle parked on railroad tracks and observed defendant laying in the ground nearby; a witness notified police that she had found defendant in the vehicle with the engine running, and had put the vehicle in park and pulled defendant out of the vehicle to safety;

and that defendant, when awakened, was incoherent, confused, unsteady on her feet, and had a strong odor of alcohol on her breath); *Commonwealth v. Johnson*, 833 A.2d 260, 263-264 (Pa. Super. 2003) (evidence sufficient to sustain conviction of driving under the influence where defendant was leaning against driver's side door when officers responded to accident call, and defendant's vehicle was behind vehicle that it had rear-ended).

Appellant's claim is without merit.

## B.

In the second part of his sufficiency claim, Appellant avers that the Commonwealth failed to prove beyond a reasonable doubt that Appellant operated the motor vehicle on a public trafficway. A trafficway is defined as "the entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom." 75 Pa. C.S. § 102. Appellant's vehicle came to rest in the private driveway of 106 Decker Lane. While a private driveway is not a public trafficway, Decker Lane, the street adjacent to where Appellant's vehicle came to rest, is unquestionably a public trafficway. 75 Pa. C.S. § 102.

The only logical conclusion based on the evidence presented at Appellant's trial is that Appellant, while heavily intoxicated, traversed Decker Lane immediately before pulling into the private driveway of 106 Decker Lane, striking

10

the vehicle parked there, and attempted to flee on foot. Based on the evidence presented, a reasonable inference arose that Appellant's vehicle came to rest on the private property of 106 Decker Lane only after it had been on a roadway (Decker Lane), immediately prior to impacting the parked vehicle. This evidence was sufficient to sustain Appellant's conviction of driving under the influence.

Appellant's claim is without merit.

## II.

Appellant alleges in his second claim that Appellant's sentencing order contains a clerical error as it erroneously lists his driving while operating privilege is suspended at 75 Pa. C.S. § 1543(b)(1.1)(ii), when the Commonwealth in fact had amended that charge to 75 Pa. C.S. § 1543(b)(1), pursuant to *Birchfield*.[6] As to clerical errors, the Superior Court has held:

> It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct "clear clerical errors" in its orders. A trial court maintains this authority even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505 for the modification of orders. [. . .] In discussing a trial court's authority to correct illegal sentences, our Supreme Court has stated that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. The High Court has also cautioned that the inherent power to correct errors does not extend to reconsideration of a court's exercise of sentencing discretion. A court may not vacate a sentencing order merely because it later considers a sentence too harsh or too lenient. As a matter of general guidance, our Supreme Court has sanctioned the use of

---

[6] *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016).

the inherent authority in cases that involve *clear errors* in the imposition of sentences that were incompatible with the record or black letter law.

*Commonwealth v. Borrin*, 12 A.3d 466, 471, 473 (Pa. Super. 2011) (citations and quotations omitted).

Here, the Commonwealth amended count four to a summary level driving while operating privilege is suspended (75 Pa. C.S. § 1543(b)(1)), which carries a mandatory sentence of imprisonment of not less than 60 days and not more than 90 days. (T.T. 3-4). Appellant was sentenced accordingly to 60 days intermediate punishment. However, the sentencing order incorrectly lists count four as the original charge of a misdemeanor of the third degree (75 Pa. C.S. § 1543(b)(1.1)(ii)). As such, the sentencing order contains a clear clerical error, and Appellant's case should be vacated and remanded to the trial court for the limited purpose of correcting the error on the sentencing order. *See Commonwealth v. Thompson*, 106 A.3d 742, 766 (Pa. Super. 2014) (judgment of sentence vacated and remanded for limited purpose of correcting clear clerical error on sentencing order where trial judge unambiguously stated on the record that the sentences were to run concurrently, but the judgment of sentence ran the imposed sentences consecutively).

## CONCLUSION

Based upon the foregoing, the judgment of sentence imposed by this Court at count four should be vacated and remanded to the Trial Court for the limited purpose of correcting the clerical error on the sentencing order, and Appellant's judgment of sentence should be affirmed in all other respects.

By the Court,

DATE: SEPTEMBER 6, 2017

Edward J. Borkowski

13