J-A23003-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARVIN U. ANDERSON | : | |
| Appellant | : | No. 1356 WDA 2017 |

Appeal from the Judgment of Sentence May 2, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007130-2016

BEFORE: BOWES, J., SHOGAN, J., and STABILE, J.

MEMORANDUM BY BOWES, J.: FILED DECEMBER 27, 2018

Marvin U. Anderson appeals from the May 2, 2017 judgment of sentence of three to six days incarceration, six months probation, and fines totaling $1,300, imposed after he was convicted at a non-jury trial of driving while under the influence ("DUI") (highest rate of alcohol), DUI (general impairment), and five summary traffic offenses. He challenges the sufficiency of the evidence sustaining his two DUI convictions. After careful review, we reverse his DUI convictions, vacate judgment of sentence as to those convictions, and remand for resentencing.

On June 4, 2016, at 10:34 p.m., City of Pittsburgh Police Officer Paul Froehlich was on routine patrol in Zone 5 when he received a call dispatching him to an accident at 7017 Hermitage Street. When he arrived at the scene, the two vehicles involved in the minor accident were parked. Appellant was

standing nearby with keys in his hand. In response to the officer's questions, Appellant confirmed that he was the driver of the Volkswagen Jetta, and that he backed his vehicle into the victim's vehicle. Appellant insisted, however, that there was no damage. The officer observed a scratch on the front of the other vehicle. He also noted that the rear of Appellant's vehicle was too far from the curb, and concluded that it was illegally parked.

At trial, the officer characterized Appellant as "kind of uncooperative, agitated, stating several times that there was no damage." N.T., 3/24/17, at 8. His eyes were glassy and bloodshot and his speech was slurred. According to the officer, Appellant had trouble maintaining his balance and an odor of alcohol emanated from him. Appellant agreed to submit to field sobriety tests. The officer testified that he failed both the walk-and-turn test and the one-legged stand. Based on the foregoing, the officer concluded that Appellant was intoxicated and unfit to drive. The officer arrested Appellant and transported him to the police station where he submitted to a breathalyzer at approximately 11:55 p.m., revealing a blood alcohol level ("BAC") of .222%.

It was uncontroverted at trial that one hour and twenty-one minutes elapsed between the time the officer received the dispatch and the time Appellant underwent the breathalyzer. The defense stipulated to the breathalyzer results, and they were admitted into evidence as Commonwealth Exhibit 1.

Appellant presents two issues for our review:

I.    Whether [Appellant's] conviction for DUI: General Impairment must be reversed, and his judgment of sentence in this regard must be vacated, when the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] operated his car at a time he was rendered incapable of safe driving?

II.   Whether [Appellant's] conviction for DUI: Highest Rate of Alcohol must be reversed, and his judgment of sentence in this regard must be vacated, when the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] operated his car less than two hours before his BAC was 0.16% or higher?

Appellant's brief at 5.

Appellant's challenge to the sufficiency of the evidence underpinning both of his DUI convictions focuses on the lack of proof of a temporal nexus between his intoxication and operation of a motor vehicle. He contends that the Commonwealth failed to prove that he drove or operated his vehicle while incapable of safely driving,[1] or in the two-hour period prior to registering a BAC exceeding 0.16%.[2]

_____

[1] DUI: General Impairment/Incapable of Driving Safely, provides in pertinent part:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operation or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1).

[2] Section 3802(c), DUI-Highest Rate of Alcohol provides:

Our standard of review of sufficiency claims is well settled:

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Teems, 74 A.3d 142, 144-145 (Pa.Super. 2013) (quoting Commonwealth v. Toland, 995 A.2d 1242, 1245 (Pa.Super. 2010) (citations omitted)). "The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Commonwealth v. Hansley, 24 A.3d 410, 416 (Pa.Super. 2011).

Herein, the police officer did not observe Appellant driving or operating[3] a motor vehicle. The victim did not testify at trial. Appellant was standing on

---

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(c).

[3] In order to prove operation, the vehicle need not have been in motion. Evidence is required that the defendant was in actual physical control or management of the vehicle. See Commonwealth v. Johnson, 833 A.2d 260 (Pa.Super. 2003).

the sidewalk in close proximity to his vehicle with his keys in his hand when the officer arrived. The officer observed that Appellant's car was illegally parked too far away from the curb with the rear end of the vehicle towards the street. The officer asked Appellant whether he struck the victim's car when he was backing up, and Appellant answered in the affirmative. Appellant maintained, however, that there was no damage to the other vehicle. The officer noted that Appellant's speech was slurred, his eyes were bloodshot, he emitted an odor of alcohol, and he was unable to maintain his balance. He was unable to pass the field sobriety tests. The fact finder inferred from these circumstances, together with Appellant's highly-elevated BAC, that Appellant operated the motor vehicle while he was incapable of safely doing so.

Appellant contends that, "the Commonwealth simply did not prove, beyond a reasonable doubt, the required temporal link between [Appellant's] intoxication and operation of his car." Appellant's brief at 37-8. He maintains that the Commonwealth offered no evidence as to when Appellant was last in physical control of the vehicle. Both cars were parked when the officer arrived. Although Appellant admitted his vehicle bumped the victim's vehicle, there was no evidence establishing when the minor accident occurred, or that the call to police was made at the time of the accident. While Appellant concedes that circumstantial evidence may suffice to establish guilt, he cites Commonwealth v. Meredith, 416 A.2d 481, 485 (Pa. 1980), for the proposition that "a conviction based wholly on inference and suspicion may

not be allowed to stand." The Commonwealth contends that similar arguments were rejected by the Supreme Court in Commonwealth v. Segida, 985 A.2d 871, 878-79 (Pa. 2009).

In order to prove DUI-general impairment, the Commonwealth must prove that the defendant drove or operated a vehicle while under the influence, i.e., after imbibing a sufficient amount of alcohol as to be incapable of safe driving. Herein, Appellant identified his vehicle and admitted that he drove it. However, the Commonwealth was required to prove that he did so while he was too intoxicated to be capable of safe driving. Commonwealth v. Gause, 164 A.3d 532, 541 (Pa.Super. 2017).

Appellant distinguishes the facts herein from those in Segida, wherein the Supreme Court held that the evidence was sufficient to sustain the general impairment conviction. In that case, Segida drove his car off the road and into a tree. He told the responding officer that he had been drinking alcohol at a bar that night. After he failed to perform field sobriety tests, Segida was placed under arrest, and his BAC was measured at 0.326%. At trial, the officer testified that he responded promptly to the dispatch, and that dispatches usually issue immediately after receipt of a call. In addition, he opined, "it was 'doubtful' that the accident had occurred two or three hours or even ten minutes prior to his arrival on the scene 'due to traffic on the road.'" Segida, supra at 880.

Segida argued that the Commonwealth's failure to establish the time of his drinking, his driving, or the accident was fatal to the prosecution. The Commonwealth countered that it was reasonable to infer, based upon the foregoing facts, that the officer came upon the scene shortly after the accident. Our Supreme Court agreed, finding the evidence sufficient to support the reasonable inference that Segida drove when he was incapable of doing so safely. It cited the officer's opinion that it was "doubtful" based upon traffic conditions that the accident had occurred hours, even ten minutes before he got there. In addition, Segida's strikingly-high blood alcohol concentration, and the occurrence of the accident itself, supported the inference that he was impaired due to alcohol when he last drove his vehicle.

The same circumstances the Supreme Court found persuasive in Segida are not present herein. Appellant's car was parked, albeit too far from the curb, when the officer arrived. It was unoccupied and the motor was not running. Officer Froehlich did not offer any observations that indicated that the vehicle had been recently operated or driven, i.e., a car hood that was warm to touch. There was no evidence introduced at trial as to how long the car had been parked at that location. Appellant admitted that he backed into the victim's car as he was parking, causing a "slight scratch" on the front of that car, but there was no evidence when that occurred.

Office Froehlich offered no opinion or testimony as to when the minor accident occurred herein. That stands in marked contrast to the officer's

testimony in Segida, that the accident therein likely occurred less than ten minutes before the call to police based on traffic conditions and routine police response time. See Commonwealth v. Teems, 74 A.3d 142, 147-148 (Pa.Super. 2013) (finding it reasonable to infer that appellant's damaged and immobilized vehicle did not sit on Interstate 81 for more than an hour before troopers were dispatched to the scene, rendering the blood draw within two hours of driving). In light of the minor nature of the accident and no evidence that the other parked vehicle was occupied at the time, one cannot simply infer from the occurrence of the accident that police would have been called immediately. Furthermore, there was no testimony from Officer Froehlich that dispatches routinely issued promptly after receipt of a call.

In addition, there was no evidence from which it could be reasonably inferred when the parking mishap occurred, as there was no indication whether police were called at that time, or upon later discovery of the damage. Cf. Commonwealth v. Starry, __A.3d__, 2018 Pa. Super. LEXIS 1060, *15 (Pa.Super. 2018) (finding for purposes of establishing a prima facie case of DUI-Highest Rate and Dui-General Impairment that a reasonable inference could be made that defendant's car left the road and struck a tree at or near the time the first caller reported it at 11:49 a.m., since a witness told police that defendant left his residence at 11:00 a.m., the accident occurred along a regularly traveled county road, an ambulance was already treating defendant

when a trooper arrived at 12:36 p.m. and noted signs of intoxication, and defendant's BAC at 1:40 p.m. was 0.304%).

Finally, in the instant case, unlike Segida, there was no admission by Appellant that he drank before he drove. We find merit in Appellant's contention that, absent some showing of how long it was before the officer's arrival that Appellant last drove or operated his vehicle, the circumstances did not negate the possibility that he became too intoxicated to drive safely after he drove to that address and parked his vehicle. Thus, the considerably elevated blood alcohol level is far less probative on the facts herein than in Segida, supra.

Hence, we agree with Appellant that the evidence adduced at trial was legally insufficient to support the DUI-general impairment conviction. Without admissions from Appellant, or testimony from the victim or an eyewitness establishing the time Appellant last drove his vehicle, the Commonwealth failed to prove that Appellant drove while he was incapable of safe driving. Thus, Appellant's conviction of DUI-general impairment cannot stand.

The dearth of evidence substantiating when Appellant last drove his vehicle is also fatal to the DUI-Highest Rate of Alcohol conviction. While the Commonwealth was not required to prove that Appellant's BAC was at least 0.16% when he drove or operated a vehicle, it had to establish that his BAC met or exceeded that level within two hours of driving. Commonwealth v. Thur, 906 A.2d 552, 564 ("Pursuant to the words of the statute . . . the

elements are: (1) that a person drove, operated or was in actual physical control of a motor vehicle; and (2) that such action was conducted after imbibing enough alcohol that the actor's BAC reached 0.16% within two hours after driving."). While the evidence established that Appellant had a BAC in excess of 0.16% within two hours of the time of the police dispatch, it failed to prove that Appellant's BAC reached that level within two hours of when he last drove or operated his vehicle. Even affording the Commonwealth the benefit of all reasonable inferences, we find the evidence insufficient to sustain his conviction for DUI-highest rate of alcohol. One simply cannot reasonably infer from the scant evidence offered at trial that Appellant last drove the vehicle within two hours of the administration of the BAC test.[4]

Judgment of sentence for DUI-General impairment and DUI-High Rate of Alcohol reversed and vacated. Case remanded for resentencing.[5] Jurisdiction relinquished.

_____

[4] In its brief, the Commonwealth offers additional facts derived from the criminal complaint and the victim's testimony at the preliminary hearing that were not introduced at trial. See Commonwealth's brief at 7 (representing that the victim called 911 shortly after Appellant moved his vehicle at her request); see id. at 15 n. 2 (setting forth allegations from the criminal complaint detailing the police officer's conversation with the victim). In ruling on the sufficiency of the Commonwealth's evidence, we consider only the evidence adduced at trial, together with the reasonable inferences that can be drawn therefrom.

[5] Since Appellant was given no penalty at the summary convictions, our disposition has upset the overall sentencing scheme such that resentencing is required.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/27/2018</u>