J-S49029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRICIA M. GATEWOOD | |
| Appellant | No. 384 MDA 2018 |

Appeal from the Judgment of Sentence imposed February 27, 2018
In the Court of Common Pleas of York County
Criminal Division at Nos: CP-67-MD-0001458-2017

BEFORE:  SHOGAN, J., STABILE, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:          **FILED SEPTEMBER 24, 2018**

Appellant, Tricia M. Gatewood, appeals from her judgment of sentence for four counts of driving under the influence ("DUI"),[1] claiming that there was insufficient evidence from which to conclude that she drove, operated or was in actual physical control of a motor vehicle.  We affirm.

On February 4, 2017, Trooper Kelly of the Pennsylvania State Police was dispatched to respond to a 911 hang-up at 256 Black Oak Trail in Delta, Pennsylvania.  When Trooper Kelly arrived at the residence, only one minivan was parked in the driveway.  Appellant's husband informed Trooper Kelly that

---

* Former Justice specially assigned to the Superior Court.

[1] 75 Pa. C.S. § 3802(a)(1), 3802(b), 3802(d)(1)(ii), 3802(d)(3).  Appellant was also convicted of harassment under 18 Pa.C.S. § 2709.  This conviction is not at issue in this appeal.

1

he and Appellant had been involved in an argument, and that Appellant had left the house to drive around the neighborhood.  N.T., 1/8/18, at 70.  The trooper entered the residence and observed signs of a violent argument (broken glass and a smashed aquarium).

About ten minutes later, Appellant and her daughter entered the residence.  Trooper Kelly noticed that Appellant had the smell of alcohol about her person, bloodshot eyes, and slurred speech.  Appellant told Trooper Kelly that earlier in the day, her family visited her, and she had been drinking wine.  When the guests left, her and her husband began to fight over her opinion that God wanted her to move to Florida.  During the course of the argument, Appellant struck her husband with a cucumber several times.  While her children were present in the room, Appellant flipped over an aquarium.  Glass shards littered the floor around the children, and one of the children injured her foot while trying to save a fish.  Appellant left the home to go for a drive with her child around the neighborhood so that she could calm down.  *Id.* at 79, 98.  Trooper Kelly testified that public roads surround the home.  There are no private roads in the neighborhood.

While there had been only one vehicle at the residence when Trooper Kelly arrived, there was now a second vehicle, a green Toyota Sienna, parked on the lawn of the residence. *Id.* at 76.  Trooper Kelly did not actually observe Appellant driving the Sienna or behind the wheel, because he was inside the residence at the time Appellant returned to the residence.  Nevertheless,

Trooper Kelly did not see any other individual who could have driven this vehicle onto the lawn. *Id.* at 98.

Trooper Baker, a second trooper, arrived about 45 minutes after Trooper Kelly. When Trooper Baker arrived, there were two minivans parked at the home, one in the driveway and one on the grass. Appellant acted belligerently towards Trooper Baker, stating it was none of his "fucking business" what she had to drink. N.T., 1/8/18, at 118. Trooper Baker "absolutely" smelled alcohol on her person. *Id.* at 117. Appellant was using the railing on the back porch for support. When Trooper Baker asked Appellant to perform field sobriety tests, Appellant said: "I'm not fucking going anywhere with you." *Id.* at 122-23. Appellant attempted to run away but was apprehended. Blood tests following her arrest revealed that that she had 65 nanograms per milliliter of amphetamines, a controlled substance, in her blood and a blood alcohol concentration of .111%.

On January 9, 2018, the jury found Appellant guilty of the aforementioned charges. On February 27, 2018, the trial court imposed sentence. Appellant filed a timely notice of appeal and timely Pa.R.A.P. 1925(b) statement raising several claims that the evidence was insufficient to prove that she was intoxicated to a degree that rendered her incapable of safe driving. The trial court subsequently filed a Pa.R.A.P. 1925(a) opinion on these claims.

In this Court, Appellant raises one issue on appeal:

Whether the jury erred in finding the Appellant guilty of violating 75 Pa.C.S.A. § 3802 when the evidence was insufficient to establish each required element of the offense beyond a reasonable doubt to support her conviction, there being legally insufficient evidence from which to reasonably conclude that [Appellant] drove, operated, or was in actual physical control of the movement of, a motor vehicle[?]

Appellant's Brief at 7.

The only question that Appellant raised in her Pa.R.A.P. 1925(b) statement was whether the evidence was sufficient to prove that she was intoxicated to a degree that rendered her incapable of safe driving. The argument in her brief concerns an entirely different issue: whether there was insufficient evidence that she was driving, operating or in actual physical control of the vehicle. Appellant waived this issue by failing to raise it in her Pa.R.A.P. 1925(b) statement. **Commonwealth v. Diamond**, 83 A.3d 119, 136 (Pa. 2013) (in capital appeal, defendant waived issues that he failed to raise in Pa.R.A.P. 1925(b) statement).

Even if Appellant preserved the issue of operation and control for appeal, it is devoid of merit. "A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and

inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Antidormi**, 84 A.3d 736, 756 (Pa. Super. 2014).

The DUI statute provides in relevant part:

(a)(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

*       *       *

(b) High rate of alcohol. --An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

*       *       *

(d) Controlled substances. --An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1)    There is in the individual's blood any amount of a:

(ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or

*       *       *

(3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802. The term "operate" requires evidence of actual physical control of the vehicle to be determined based upon the totality of the circumstances. *Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008). "Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Id.*; *see also Commonwealth v. Johnson*, 833 A.2d 260 (Pa. Super. 2003) (collecting cases on actual physical control).

Construed in the light most favorable to the Commonwealth, the evidence demonstrates that Appellant was driving, operating or in actual physical control of the green Sienna. While neither trooper observed her driving the vehicle or behind the wheel, other evidence proves that she was driving the Sienna while intoxicated. Trooper Kelly arrived at Appellant's residence in response to a 911 call. Trooper Kelly observed only one car in the driveway at the time of his arrival. Appellant's husband told the trooper that he and Appellant had been arguing, and that Appellant had left the residence and gone driving around the neighborhood. Ten minutes later, Appellant entered the residence displaying obvious signs of intoxication.

There was now a second car parked on the lawn, a green Sienna. Trooper Kelly did not see any other individual who could have driven this vehicle onto the lawn. Appellant admitted that she had been driving around the neighborhood. Trooper Baker subsequently arrived, and the troopers placed Appellant under arrest. These facts provided ample evidence for the jury to conclude beyond a reasonable doubt that Appellant drove, operated or was in actual physical control of the Sienna. Accordingly, Appellant's challenge to the sufficiency of the evidence is devoid of merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2018