J-S06042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHESTER MILLER | : | |
| | : | |
| Appellant | : | No. 1863 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 5, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003641-2019

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 19, 2022**

Appellant, Chester Miller, appeals from the judgment of sentence entered in the Northampton County Court of Common Pleas, following his bench trial conviction for driving under the influence of alcohol or a controlled substance ("DUI").[1] We affirm and grant counsel's petition to withdraw.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> On July 29, 2019, Officer Stephen O'Donnell (hereinafter "Officer O'Donnell") of the North Catasauqua Police Department responded to a call from Cynthia Warner, [Appellant's] then significant other, that stated [Appellant] took her gray Volkswagen Passat without her permission. Officer O'Donnell then acted on another call from Crystal Yautz, bartender at the Blue Monkey Bar in North Catasauqua, that stated [Appellant] had one drink at the bar and appeared intoxicated. After responding to the Blue

---

[1] 75 Pa.C.S.A. § 3802(d)(1)(ii).

> Monkey Bar, Officer O'Donnell located [Appellant] in the driver's seat of Ms. Warner's running vehicle, parked in a residential driveway. [Appellant] admitted to Officer O'Donnell that he drove to Catasauqua from Stroudsburg, and that he had a history of drug use.
>
> Officer O'Donnell conducted a field sobriety test, and [Appellant] displayed signs of intoxication. Officer O'Donnell then placed [Appellant] under arrest for suspicion of [DUI].
>
> A subsequent blood draw conducted by Officer Carl Fischer revealed that [Appellant] had levels of amphetamine and methamphetamine in his system.
>
> On September 23, 2019, the Commonwealth charged [Appellant] with [two counts of] DUI…and Careless Driving[.] Following a two-day bench trial on April 5, 2021 and April 12, 2021, this [c]ourt found [Appellant] guilty of one count of [DUI]. [On May 5, 2021, the court sentenced Appellant to time served to 6 months' imprisonment.]
>
> On May 10, 2021, [Appellant timely] filed two post sentence motions. [Appellant's] first motion request[ed] a new trial, contending that his conviction was against the weight of the evidence. [Appellant's] second motion request[ed] a judgment of acquittal, challenging the sufficiency of the evidence supporting the conviction. …

(Trial Court Opinion, 8/27/21, at 2-3) (internal citations omitted). On August 27, 2021, the court denied Appellant's post-sentence motions.

Appellant timely filed a notice of appeal on August 30, 2021. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). In response, counsel filed a statement of intent to file an **Anders**[2] brief per Pa.R.A.P. 1925(c)(4).

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Preliminarily, appellate counsel seeks to withdraw representation pursuant to *Anders* and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw:

> Neither *Anders* nor *McClendon*[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> * * *
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

---

[3] *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361. After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case and refers to relevant law surrounding Appellant's issues. Counsel further states the reasons for counsel's conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of *Anders* and *Santiago*.

Counsel raises the following issues on Appellant's behalf:

Is a claim that the conviction was against the weight of the evidence without merit and/or wholly frivolous?

Is a claim that the evidence was insufficient to sustain the conviction without merit and/or wholly frivolous?

(**Anders** Brief at 5).[4]

In his issues combined, Appellant argues that no direct evidence established that he was in actual physical control of the vehicle. Appellant asserts there was no dash camera or body camera footage to prove Appellant drove the vehicle while under the influence of a controlled substance. Appellant questions the credibility of the Commonwealth's witnesses. Appellant concludes the evidence was insufficient to sustain his conviction and against the weight of the evidence, and this Court must grant relief. We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be

_____

[4] Appellant has not filed a response to the **Anders** brief *pro se* or with newly-retained counsel.

resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence.  Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

**Commonwealth v. Sebolka**, 205 A.3d 329, 336-37 (Pa.Super. 2019)

(quoting **Commonwealth v. Franklin**, 69 A.3d 719, 722-23 (Pa.Super.

2013)).

When examining a challenge to the weight of the evidence, our standard

of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.  An appellate court cannot substitute its judgment for that of the finder of fact.  Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.

> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence.  Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Champney**, 574 Pa. 435, 444, 832 A.2d 403, 408

(2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." ***Commonwealth v. Rivera***, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010).

The Vehicle Code defines the offense of DUI, in pertinent part, as follows:

> **§ 3802.   Driving under influence of alcohol or controlled substance**
>
> *      *      *
>
> **(d) Controlled substances**.—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> (1)   There is in the individual's blood any amount of a:
>
> *      *      *
>
> (ii)   Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual[.]

75 Pa.C.S.A. § 3802(d)(1)(ii). ***See also*** 35 P.S. § 780-104(2)(iii) (classifying amphetamine and methamphetamine as Schedule II controlled substances). The term "operate" as used in the DUI statute "requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle

was in motion." ***Commonwealth v. Johnson***, 833 A.2d 260, 263 (Pa.Super.

2003). Significantly, "an eyewitness is not required to establish that a

defendant was driving, operating, or was in actual physical control of a motor

vehicle. The Commonwealth can establish through wholly circumstantial

evidence that a defendant was driving, operating or in actual physical control

of a motor vehicle." ***Id.***

Instantly, in evaluating Appellant's claims, the trial court explained:

> Here, [Appellant's post-sentence] motion largely relie[d] on
> the fact that the Commonwealth did not produce direct
> testimony that [Appellant] actually drove the vehicle.
> However, the totality of the circumstances and the
> circumstantial evidence produced at trial support
> [Appellant's] conviction beyond a reasonable doubt.
>
> Following his response to Ms. Yautz's call, Officer O'Donnell
> observed [Appellant] parked in a private driveway with the
> motor running. The location of [Appellant's] vehicle
> circumstantially proves that he had driven the vehicle. This
> fact considered in conjunction with testimony that the car
> was running and [Appellant's] admission prove that
> [Appellant] had actual physical control of a vehicle while
> under the influence of amphetamine and
> methamphetamine. Based on the testimony and evidence,
> including the blood draw, this [c]ourt reasonably inferred
> that [Appellant] used amphetamine and methamphetamine
> prior to driving.
>
> Additionally, [Appellant's] motion question[ed] the
> credibility of Cynthia Warner's testimony. [Appellant] points
> to inconsistent testimony regarding Ms. Warner's
> recollection of the time of day that these events occurred.
> Despite these inconsistencies in her testimony, the
> testimony provided by Officer O'Donnell, Officer Fischer, and
> Crystal Yautz provided enough evidence to prove that
> [Appellant] had actual physical control of the vehicle while
> Schedule II substances were in his blood. This [c]ourt found
> all Commonwealth witnesses credible. …

*    *    *

[Additionally, Appellant] argues that the Commonwealth failed to produce sufficient evidence that he drove, operated, or was in actual physical control of the movement of the vehicle. [Appellant] asserts that the bartender did not see him drive the vehicle, and Officer O'Donnell approached him as he was parked in a private driveway.

The evidence produced, although circumstantial, establishes all elements of the crime beyond a reasonable doubt. As stated above, [Appellant] was seated in the driver's seat of the running vehicle. [Appellant] admitted to Officer O'Donnell that he drove to Catasauqua from the Stroudsburg area, he had one drink at the Blue Monkey Bar, and he had a history of drug use. Again, the location of the running vehicle supports a finding that [Appellant] actually physically controlled the vehicle under the influence of controlled substances. Therefore, the totality of the circumstances sufficiently supports [Appellant's] conviction beyond a reasonable doubt[.]

(Trial Court Opinion at 4-6) (internal citations omitted). The record supports the court's analysis that the evidence was sufficient to support Appellant's DUI conviction. *See* 75 Pa.C.S.A. § 3802(d)(1)(ii); *Sebolka, supra*. Further, we see no reason to disrupt the trial court's decision that the verdict was not against the weight of the evidence. *See Champney, supra*.

Following our independent review of the record, we agree the appeal is frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2022